IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DERRIUS MCLESTER,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:21-CR-00188-MHC-LTW |

**MAGISTRATE JUDGE'S NON-FINAL
REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss for Violation of the Right to Speedy Trial. [Doc. 62]. For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

**BACKGROUND FACTS**

On May 11, 2021, Defendant was indicted for knowingly possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). [Doc.1]. Defendant was arrested on June 8, 2021, and was arraigned on July 27, 2021. [Doc. 7]. On August 9, 2021, Defendant filed an unopposed Motion for Continuance, which this Court granted. [Doc. 12]. This Court directed the clerk to exclude this time from computation under the Speedy Trial Act. [Id.].

On October 7, 2021, Defendant filed another Motion for Continuance. [Doc. 15]. This Court granted the Motion and directed all time between the originally scheduled pretrial conference and the rescheduled date to be excluded from computation under the

AO 72A
(Rev.8/82)

Speedy Trial Act. [Doc. 16]. Defendant again filed a Motion for Continuance on December 9, 2021. [Doc. 17]. This Court granted the Motion and directed this time to be excluded from computation under the Speedy Trial Act. [Doc. 18].

On January 27, 2022, Defendant filed a Joint Motion for Continuance. [Doc. 20]. This Court granted the Joint Motion and directed this time to be excluded from computation under the Speedy Trial Act. [Doc. 21]. On February 2, 2022, Defendant then filed a Motion to Suppress. [Doc. 22]. This Court subsequently granted the Government's unopposed Motion for Continuance of the Evidentiary Hearing on April 14, 2022, and directed this time to be excluded from computation under the Speedy Trial Act. [Docs. 43, 44].

On May 12, 2022, Defendant consented to substitution of counsel and filed a Motion for Continuance of the Evidentiary Hearing. [Doc. 46, 47]. This Court granted the Motion and directed this time to be excluded from computation under the Speedy Trial Act. [Doc. 48]. This Court then ordered a continuance of the hearing on July 18, 2022, finding that the interests of justice in continuing the hearing substantially outweighed the interests of the public and Defendant in the speedy resolution of this matter, and directing the exclusion of this time from computation under the Speedy Trial Act. [Doc. 50].

On September 16, 2022, Defendant withdrew his Motion to Suppress. [Doc. 51]. The undersigned certified the case as ready for trial on September 19, 2022. [Doc. 52]. On October 17, 2022, the Court scheduled the trial for February 7, 2023. [Doc. 53]. On

January 10, 2023, Defendant filed the instant Motion to Dismiss for Violation of the right to Speedy Trial. [Doc. 62].

## DEFENDANT'S SPEEDY TRIAL MOTION

Defendant asserts that more than 70 days of non-excludable time passed between his arraignment and the date on which he filed the instant motion, in violation of the Speedy Trial Act. [Doc. 62]. Defendant further argues that the Court must release him on bond pursuant to 18 U.S.C. § 3164 as more than 90 days of non-excludable time have passed. [Id.]. Last, Defendant contends that his Sixth Amendment right to a speedy trial has been compromised due to the 19-month delay between the July 27, 2021 arraignment and the date on which he filed the instant motion, January 10, 2023.

The Government responds that only 43 days of non-excludable time have passed and thus there has been no violation of the Speedy Trial Act and that Defendant is not entitled to release under 18 U.S.C. § 3164. [Doc. 68]. The Government concedes that there has been a significant delay since Defendant's arraignment, but the Government contends that Defendant's Sixth Amendment argument still fails because Defendant himself is primarily responsible for the delay and waited months before asserting his Speedy Trial Act claim. [Id.].

## LEGAL ANALYSIS

### A. The Speedy Trial Act

The Speedy Trial Act provides that when a defendant enters a plea of not guilty, the trial shall commence within seventy days of when the indictment was filed and made

3

public or when the defendant first appeared before a judicial officer of the court in which the charge is pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1). Seventy days, however, rarely means seventy days, because the Act is riddled with exceptions that allow for excludable time. One of those exceptions is for "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For time to be excludable under that subsection of the Act, the court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by" granting the "continuance outweigh the best interests of the public and the defendant in a speedy trial." Id.; see also Zedner v. United States, 547 U.S. 489, 506-09 (2006) (holding that "if a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed"); United States v. Ammar, 842 F.3d 1203, 1206 (11th Cir. 2016) (holding that the Act requires "express findings" and that "without on-the-record findings, there can be no exclusion of time past the 70-day requirement because the Speedy Trial Act, with procedural strictness, demands on-the-record ends-of-justice findings" (internal quotation marks and alterations omitted)). Although the Supreme Court has recognized that the Act is somewhat ambiguous regarding exactly when those findings must be put on the

record, the Court in <u>Zedner</u> held that, "at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss" the indictment. 547 U.S. at 507; <u>see also</u> <u>Ammar</u>, 842 F.3d at 1207 (examining whether the district court placed its ends-of-justice findings on the record when it continued the trial or, "at the latest, by the time it ruled on [the defendant's] motion to dismiss for a speedy trial violation").

    1.    <u>Starting the Speedy Trial Clock</u>

Defendant's first appearance in this Court was for his arraignment on July 27, 2021. [Doc. 7]. The Speedy Trial Act's 70-day time limit began to run that day. <u>See</u> 18 U.S.C. § 3161(c)(1) (providing that the 70-day clock starts to run "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer . . . whichever date last occurs.").

    2.    <u>July 27, 2021 to August 9, 2021</u>

The parties agree that nothing tolled the time between July 7, 2021 to August 9, 2021, resulting in 13 non-excludable days. [Docs. 62, 68].

    3.    <u>August 9, 2021 to September 16, 2022</u>

The parties also agree that the Speedy Trial clock stopped on August 9, 2021, when Defendant filed his first motion to continue the pretrial conference ([Doc.11]); 18 U.S.C. § 3161(h)(1)(D) (excluding time resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion). The parties do not dispute that the clock remained on pause until

5

September 16, 2022, when Defendant filed notice withdrawing his motion to suppress ([Doc. 51]). Thus, the clock remained at 13 non-excludable days by this point.

        4.       <u>September 16, 2022 to January 10, 2022</u>

The parties further agree that the Speedy Trial clock began to run again when Defendant withdrew his Motion to Suppress on September 16, 2022. [Doc. 51]. This Court certified the case as ready for trial on September 19, 2022. [Doc. 52). Thereafter, on October 17, 2022, the Court scheduled this case for trial commencing on February 7, 2023. [Doc. 53]. The days between September 16, 2022 and September 19, 2022, may be added to the count for a total of 16 days of non-excludable time.

Thus, the issue remaining is whether the Court's October 17, 2022, Order, which scheduled this case for trial and also Ordered all time between September 19, 2022, and the trial date to be excluded from computation under the Speedy Trial Act, successfully paused the Speedy Trial clock. <u>See</u> [Doc. 53].

Defendant argues the Court's October 17, 2022, Order did not pause the clock because it does not contain language stating that "the interests of justice in continuing the trial substantially outweigh the right of the public and the right of the defendant to a speedy trial" with on-the-record findings or reasons in support of that conclusion. [Doc. 62]. In response, the Government correctly asserts that a court simply must state those findings or reasons on-the-record "at least by the time it rules on the defendant's motion to dismiss for a speedy trial violation." <u>Ammar</u>, 842 F.3d at 1207. Thus, Defendant's assertion that the record presently lacks the required on-the-record findings

6

fails to take into account the Court's ability to state those findings at any time prior to ruling on the present motion. In other words, until the District Judge rules on the instant Motion to Dismiss, the Court can provide reasons for its ends-of-justice continuance of the trial from September 19, 2022 until February 7, 2023.

        5.        <u>Total Speedy Trial Computation</u>

In total, this amounts to 16 days of non-excludable time that have passed since Defendant's July 27, 2021 arraignment. Because the District Judge can still provide reasons for its ends-of-justice continuance and because only 16 days of non-excludable time have passed, this case does not exceed the 70-day requirement for a violation of the Speedy Trial Act. Accordingly, Defendant's Motion to Dismiss the Indictment for violation of the Speedy Trial Act should be **DENIED**, and so should his request to be released on bond pursuant to 18 U.S.C. § 3164.

        B.        **<u>The Sixth Amendment</u>**

Defendant also claims that the pretrial delays here violated his Sixth Amendment rights. The Sixth Amendment of the United States Constitution guarantees the right to a speedy trial. U.S. Const. amend. VI; <u>United States v. Villarreal</u>, 613 F.3d 1344, 1349 (11th Cir. 2010). "A delay of sufficient length may be a constitutional violation, even though it is not a violation of the Speedy Trial Act." <u>United States v. Twitty</u>, 107 F.3d 1482, 1490 (11th Cir. 1997); <u>see also</u> <u>United States v. Herman</u>, 576 F.2d 1139, 1144 n.3 (5th Cir. 1978) ("Compliance with the Speedy Trial Act does not work as a bar to a Sixth Amendment claim."). "Although compliance with the Speedy Trial Act does not bar

Sixth Amendment speedy trial claims, 'it will be an unusual case in which time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.'" United States v. Schlei, 122 F.3d 944, 986 (11th Cir. 1997) (quoting United States v. Saintil, 705 F.2d 415, 418 (11th Cir. 1983)).

A court is required to dismiss the indictment if it finds a violation of the defendant's Constitutional right to a speedy trial. Villarreal, 613 F.3d at 1349. When determining whether a defendant's speedy trial right is violated, a balancing test is applied. Villarreal, 613 F.3d at 1350 (citing Barker v. Wingo, 407 U.S. 514, 522 (1972)). In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court explained that the following four factors are considered when determining whether the defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) the prejudice to the defendant. Id. at 530; United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006).

Before the speedy trial analysis begins, however, the defendant must allege "that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptive prejudicial delay." Doggett v. United States, 505 U.S. 647, 651–52 (1992); Villarreal, 613 F.3d at 1350; Ingram, 446 F.3d at 1336. If the defendant is able to satisfy the threshold inquiry, only then are the remaining factors considered. Villarreal, 613 F.3d at 1350; Ingram, 446 F.3d at 1336. Delays exceeding one year are generally found to be presumptively prejudicial. Ingram, 446 F.3d at 1336; United States v. Clark, 83 F.3d

8

1350, 1352 (11th Cir. 1996). The presumption that pretrial delay has prejudiced the accused intensifies over time. Ingram, 446 F.3d at 1338. The rationale for presuming prejudice is that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or identify." Ingram, 446 F.3d at 1339. Here, the Government concedes that the 19-month delay between Defendant's arraignment and the present motion satisfies the threshold inquiry. (Doc. 68).

Thus, the Court must assess the remaining factors. The next factor is the reason for the delay. Villareal, 613 F.3d at 1351. Defendant is primarily responsible for the delay between arraignment and trial due to his numerous Motions for Continuance between August 2021 and May 2022. While the Government and this Court are responsible for one continuance each, these amounted to a combined delay of three months. In contrast, Defendant filed five motions for continuance, which resulted in a total delay of roughly 10 months. Defendant then withdrew his Motion to Suppress a mere three days before the evidentiary hearing was scheduled to take place, and the Court scheduled this case for trial a month later. Defendant is therefore responsible for the majority of the delay, and this factor weighs against him. United States v. Woodley, 484 F. App'x 310, 319 (11th Cir. 2012) (holding that the second factor weighed against the defendant where the majority of a 22-month delay was attributable to him).

The next factor for consideration is the defendant's assertion of his right to a speedy trial. Villarreal, 613 F.3d at 1353-54. A defendant's assertion of his speedy trial right is "often entitled to strong evidentiary weight in determining whether a defendant

9

is being deprived of the right," though this is "because a *timely* demand for a speedy trial often supports an inference that the defendant was not at fault for the delay and that the delay prejudiced the defendant." Id. (quoting Barker, 407 U.S. at 531–32) (emphasis added). Courts are entitled to "attach a different weight" to different circumstances of the defendant's demand." Id. at 1354 (quoting Barker, 407 U.S. at 528–29). A defendant's failure to make a demand is not counted against him for periods in which he was unaware of the charges against him. Id. at 1353–54. If Defendant's calculation of non-excludable days were correct (which it is not), his speedy trial right would have been violated long before he chose to assert that right. Defendant did not raise any issues about his speedy trial rights until less than a month before his trial. Because Defendant knew of the charge against him and failed to timely assert his speedy trial right, this factor weighs against Defendant.

      Because the Barker factors do not weigh heavily against the Government, Defendant must demonstrate that he suffered actual prejudice resulting from the delay to establish his speedy trial violation. The prejudice suffered by the defendant is evaluated in light of the three interests of the defendant to a speedy trial: "(1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." Villarreal, 613 F.3d at 1355. The most important factor is the possibility that the defense will be impaired because the inability of a defendant to adequately prepare his case "skews the fairness of the entire system." Villarreal, 613 F.3d at 1355. A defendant must also proffer more than conclusory

assertions of prejudice. Woodley, 484 F. App'x at 319; United States v. Hayes, 40 F.3d 362, 366 (11th Cir. 1994).

Defendant does not argue his defense would or could be impaired as a result of the delay. Instead, he simply makes a conclusory argument about his alleged distress and anxiety. There is no evidence that Defendant would have been less anxious had his trial occurred sooner. Defendant fails to explain how much of his alleged anxiety stemmed from the delay—which as discussed above was mostly caused by Defendant's own requests for continuances—as opposed to the strain normally attendant with a criminal charge. Defendant's conclusory allegations of anxiety are not sufficient to establish that he suffered actual prejudice resulting from delay. See, e.g., Woodley, 484 F. App'x at 319–20 (explaining that conclusory assertions of unsanitary prison conditions and inability to access a law library, without more, were insufficient to establish actual prejudice); Hayes, 40 F.3d at 366 (conclusory allegations of prejudice insufficient); United States v. Avalos, 541 F.2d 1100, 1115 (5th Cir. 1976) ("Anxiety of the sort present to some degree in virtually every case does not amount to actual prejudice.").

Furthermore, since filing the present Motion to Dismiss, Defendant filed five additional motions: one to suppress evidence, two for a continuance, to exclude testimony, and to suppress statements. [Doc. 66, 70, 73, 76, 77). Defendant's decision to request yet another continuance undermines any argument that he is being prejudiced by the delays in this case. Taking these facts into account, the Court is not persuaded that Defendant suffered actual prejudice as a result of the delay in his trial. Because Defendant fails to

11

show a Sixth Amendment violation, his Motion to Dismiss on that ground should be denied.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss the Indictment be **DENIED**.

**IT IS SO REPORTED AND RECOMMENDED**, this 20 day of March, 2023.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)