## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DERRIUS MCLESTER,

      Defendant.

CRIMINAL ACTION FILE

NO. 1:21-CR-188-MHC-LTW

## ORDER

This action comes before the Court on the Non-Final Report and

Recommendation ("R&R") of Magistrate Judge Linda T. Walker [Doc. 80]

recommending that Defendant Derrius McLester's Motion to Dismiss for Violation

of the Right to Speedy Trial [Doc. 62] be denied.  The Order for Service of the

R&R [Doc. 81] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the

parties were authorized to file objections within fourteen (14) days of the receipt of

that Order.  On April 14, 2023, Defendant filed his Objections to the R&R ("Def.'s

Objs.") [Doc. 90].

## I.   LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de

novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically

identify those findings objected to. Frivolous, conclusive, or general objections

need not be considered by the district court." United States v. Schultz, 565 F.3d

1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548

(11th Cir. 1988)). If there are no specific objections to factual findings made by

the Magistrate Judge, there is no requirement that those findings be reviewed de

novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations

omitted). Absent objection, the district court judge "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate

judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not

clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance

with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal

Procedure, the Court has conducted a de novo review of those portions of the R&R

to which Defendant objects and has reviewed the remainder of the R&R for plain

error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.   DISCUSSION

Defendant originally was indicted on August 27, 2020, for knowingly

possessing a firearm after being convicted of a felony in violation of 18 U.S.C.

2

§ 922(g)(1).  Criminal Indictment [Doc. 1].  The parties in this case agree that between Defendant's first appearance in this Court for his arraignment on July 27, 2021, and the date he withdrew his original motion to suppress on September 16, 2022, the Speedy Trial clock stood at thirteen (13) non-excludable days, because the clock was otherwise tolled on August 9, 2021, when Defendant filed his first motion to continue the pretrial conference, until September 16, 2022, the date the motion to suppress was withdrawn.[1]  R&R at 5-6.  Three more days of non-excludable time elapsed from September 16, 2022, until September 19, 2022, when Judge Walker certified the case as ready for trial [Doc. 53], for a total of sixteen (16) days of non-excludable time.

On October 17, 2022, after receiving information from Defendant's counsel that there would be no plea, and confirming the availability of counsel for trial beginning February 7, 2023 (with no objection raised by Defendant as to the date), this Court issued its order setting trial for that date, and further ordered that

---

[1] Between August 9, 2021, and September 16, 2022, Defendant individually filed five motions for continuance [Docs. 11, 15, 17, 43, 47], one joint motion to continue with the Government [Doc. 20], as well as a motion to suppress [Doc. 22].  All the motions for continuance were granted by the Magistrate Judge with the proper direction that the time be excluded from computation under the Speedy Trial Act [Docs. 12, 16, 18, 21, 44, 48].

> the time between the Court's September 19, 2022, Order Certifying the
> Case Ready for Trial and the trial date on February 7, 2023, shall be
> excluded in calculating the date on which the trial of this case must
> commence under the Speedy Trial Act because the Court finds the
> interests of justice in continuing the trial substantially outweigh the
> right of the public and the right of the defendant to a speedy trial, and
> thus, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(I²) and (iv), the
> Clerk is directed to exclude such computation under the Speedy Trial
> Act.

Oct. 17, 2022, Order [Doc. 53] at 2-3.³  On January 3, 2023, a superseding

indictment was returned adding a second count for felon in possession of a firearm

on February 2, 2021, as well as an allegation that Defendant committed the

offenses charged after sustaining three previous convictions for violent felonies

committed on occasions different from one another, which would subject

Defendant to a mandatory minimum sentence of fifteen years imprisonment

pursuant to 18 U.S.C. § 924(e)(1) [Doc. 56].  Defendant's Motion to Dismiss for

violation of his right to a speedy trial was filed on January 10, 2023, less than one

month from the scheduled trial date [Doc. 62].  Since that time, Defendant has filed

another motion to suppress evidence [Doc. 66]; a motion to decertify this case as

---

² The reference to 18 U.S.C. § 3161(h)(7)(B)"(I)" was an obvious typographical
error, with the Court meaning to cite to § 3161(h)(7)(B)"(i)".

³ This Court notes that at the time of the entry of its October 17, 2022, Order
Setting Trial, a total of only 44 days (16 days of non-excludable time and 28 days
between September 19, 2022, and this Court October 17, 2022, Order) elapsed.

ready for trial and to remand to the Magistrate Judge to conduct an evidentiary

hearing on the motion to suppress [Doc. 66] (which was granted by this Court on

January 13, 2023 [Doc. 67]); two motions to continue the suppression hearing

[Docs. 84, 92] (which were granted by the Magistrate Judge [Docs. 86, 93]); a

motion to exclude testimony pertaining to shell casing comparison [Doc. 76]; and a

motion to suppress statements [Doc. 77].

In recommending the denial of Defendant's Motion to Dismiss for Violation

of the Speedy Trial Act, the Magistrate Judge states, in part, as follows:

> Defendant argues the Court's October 17, 2022, Order did not pause
> the clock because it does not contain language stating that "the interests
> of justice in continuing the trial substantially outweigh the right of the
> public and the right of the defendant to a speedy trial" with on-the-
> record findings or reasons in support of that conclusion. [Doc. 62]. In
> response, the Government correctly asserts that a court simply must
> state those findings or reasons on-the-record "at least by the time it rules
> on the defendant's motion to dismiss for a speedy trial violation."
> [United States v.]Ammar, 842 F.3d [1203,] 1207 [(11th Cir. 2016)].
> Thus, Defendant's assertion that the record presently lacks the required
> on-the-record findings fails to take into account the Court's ability to
> state those findings at any time prior to ruling on the present motion. In
> other words, until the District Judge rules on the instant Motion to
> Dismiss, the Court can provide reasons for its ends-of-justice
> continuance of the trial from September 19, 2022 until February 7,
> 2023. . . .
>
> In total, this amounts to 16 days of non-excludable time that have
> passed since Defendant's July 27, 2021 arraignment. Because the
> District Judge can still provide reasons for its ends-of-justice
> continuance and because only 16 days of non-excludable time have

passed, this case does not exceed the 70-day requirement for a violation
of the Speedy Trial Act.

R&R at 6-7.  In his objections, Defendant asserts that, contrary to the R&R, the

time between the date the case was certified as ready for trial and the trial date was

not properly excluded from the speedy trial calculation because of this Court's

failure to state more specific reasons for finding that the ends of justice outweighed

the best interests of the public and the defendant in a speedy trial.  Def.'s Objs. at

1-3.

In Ammar, the Eleventh Circuit held that the district court is required under

the Speedy Trial Act "to set forth, in the record of the case, either orally or in

writing, its reasons for finding that the ends of justice served by the granting of a

continuance outweigh the best interest of the public and the defendant in a speedy

trial," which requires "on-the record" findings.  Ammar, 842 F.3d at 1206

(citations and internal punctuation omitted).  In deciding when the district court

was required to put its findings on the record, the Eleventh Circuit stated that the

Speedy Trial Act is unclear on this point but that the Supreme Court has "opined

that a trial court should put its findings regarding an ends-of-justice continuance on

the record *at least* by the time it rules on the defendant's motion to dismiss for a

speedy trial violation."  Id. at 1207 (citing Zedner v. United States, 547 U.S. 489,

507 & n.7 (2006)).

6

As this Court is now ruling on such a motion, this Court finds that the ends of justice served by the granting of a continuance of Defendant's trial from October 17, 2022, until February 7, 2023, outweighed the interests of the public and Defendant in a speedy trial for the following reasons:

(1)     Because of the delay in the scheduling of criminal trials during the COVID-19 pandemic and the difficulty in getting sufficient numbers of jurors for all pending criminal trials, this Court was compelled to schedule its criminal trials in consultation with the jury office and in recognition of the number of trials which were or needed to be scheduled by other district judges.  Accordingly, this Court scheduled Defendant's criminal trial at a time and date in which a jury could be in accordance with the scheduling of trials in this District that have otherwise been delayed due to the pandemic.  This Court also finds that the setting of this trial was not influenced by reason of any general congestion of the Court's calendar but for the unique challenge presented by the remaining impact of the COVID-19 pandemic on Court operations.

(2)     The Court also finds that the failure to grant the continuance would have unreasonably denied Defendant's counsel reasonable time

necessary for the effective preparation of the case, taking into account

the exercise of due diligence.  This continuance was acceded to by

counsel for Defendant, given the number of prior continuances sought

by said counsel and the failure of said counsel to object to the setting

of the trial for February 7, 2023, prior to the entry of the October 17,

2022, Order, despite being given an opportunity to do so.

In her R&R, the Magistrate Judge also considered the reasons for the 19-

month delay of the scheduling of the trial in this case in light of the guarantee of a

right to a speedy trial under the Sixth Amendment.  R&R at 7-12.  The Magistrate

Judge found that, while the 19-month delay between Defendant's arraignment and

the scheduled trial is "presumptively prejudicial," the remaining factors under

Barker v. Wingo, 407 U.S. 514 (1972), do not weigh in favor of a finding that

Defendant's constitutional right to a speedy trial has been violated:

(1)     The reason for the delay.  Defendant's five motions for continuances

resulted in ten months of the total delay between arraignment and the

scheduled trial, the majority of the total delay in this case.

(2)     Defendants' assertion of his right to a speedy trial.  Defendant made

no assertion of his right to a speedy trial until one month prior to the

scheduled trial, meaning 18 of 19 months after arraignment elapsed

before Defendant filed his motion.  Most importantly, Defendant

raised no objection to the scheduling of the trial when the Court

contacted Defendant's counsel in October 2022 to confirm that the

February 7, 2023, trial date was acceptable.

(3)     Prejudice to Defendant.  Although Defendant generally asserts that he

has suffered from anxiety and concern and complains about the

conditions of his confinement, Defendant fails to contend that his

defense was impaired as the result of the delay.  Indeed, following the

filing of his motion to dismiss, Defendant moved to suppress

evidence, to decertify this case as ready for trial, to remand the case to

the Magistrate Judge to conduct an evidentiary hearing on the motion

to suppress, to continue the suppression hearing (twice), to exclude

testimony, and to suppress statements.

See R&R at 9-12.

Defendant objects to the finding that the majority of the delay was

attributable to him, Def.'s Objs. at 5,  but the record supports that finding.

Defendant also objects to the finding that the weight of the evidence does not show

prejudice because of the conditions of his confinement at the Atlanta Federal

Penitentiary, id. at 5-6, but Defendant fails to address, much less establish, that the

delay will impair his defense. See United States v. Villarreal, 613 F.3d 1344, 1355 (11th Cir. 2010) (holding that, in assessing the interests of the defendant that the speedy trial right was intended to protect, the most serious is to limit the possibility that the defense will be impaired). Although the Court does not question Defendant's concern about the conditions of his confinement, they are not enough to meet the fourth Barker factor or excuse him from having to show actual prejudice. See United States v. Dunn, 345 F.3d 1285, 1297 (11th Cir. 2003) (finding that the defendant "has not demonstrated in any way that the conditions under which he was held or the length of his confinement rendered the delay a constitutional violation"). Once again, the conduct of Defendant's counsel both prior to the filing of the motion to dismiss and after the filing of the motion to decertify this case for trial belies any alleged prejudice suffered by Defendant in the delay of the trial in this case.

## III. CONCLUSION

Accordingly, after a de novo review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** the objections [Doc. 90]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the Non-Final R&R [Doc. 80] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant Derrius McLester's Motion to

Dismiss for Violation of the Right to Speedy Trial [Doc. 62] is **DENIED.**

**IT IS SO ORDERED** this 3rd day of May, 2023.

MARK H. COHEN
United States District Judge

11